(No. 41708.—

MABEL M. GRAHAM, Appellee, *vs.* GENERAL U.S. GRANT
POST No. 2665, V.F.W. *et al.*, Appellants.

*Opinion filed June 20, 1969.*

NACK, RICHARDSON & NACK, of Galena, (JAMES W. RICHARDSON, of counsel,) for appellants.

ROSZKOWSKI AND PADDOCK, of Rockford, (S. RICHARD PINCUS and STANLEY J. ROSZKOWSKI, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The plaintiff, Mabel M. Graham, filed suit in the circuit court of Jo Daviess County for injuries allegedly sustained as the result of being struck by the automobile of an intoxicated driver, one Jack Schleicher. The defendants are engaged in the sale of alcoholic beverages in Galena; they allegedly sold Schleicher the liquor that caused his intoxication either in whole or in part. Although both the plaintiff and Schleicher are residents of Illinois, the automobile accident causing the plaintiff's injuries occurred in Wisconsin.

The plaintiff's amended complaint is in two counts. The first seeks recovery against the defendants under the Illinois Dram Shop Act (section 14 of the Liquor Control Act, Ill. Rev. Stat. 1965, ch. 43, par. 135); the second count alleges common-law negligence of the defendants in selling liquor to Schleicher when he was intoxicated. The trial court held that neither count stated a cause of action and accordingly dismissed the complaint.

On appeal the Appellate Court for the Second District affirmed the dismissal of the negligence count, on the ground that there is no common-law liability for selling or giving intoxicants to an able-bodied man. As to the count under the Dram Shop Act, however, the appellate court reversed the judgment of dismissal, holding that a good cause of action was stated. (97 Ill. App. 2d 139.) The critical issue with respect to this count is whether the Illinois Dram Shop Act may be given extraterritorial effect, i.e., whether the Act permits recovery for injuries inflicted in another

State by an intoxicated person who has procured liquor from defendants within Illinois. The appellate court decided the question in the affirmative; we granted leave to appeal from that decision.

The Illinois Dram Shop Act (Ill. Rev. Stat. 1967, ch. 43, par. 135) reads in pertinent part:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication, in whole or in part, of such person. Any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors."

Although the Dram Shop Act was enacted nearly a hundred years ago (in 1871), no Illinois court of review prior to the case at bar has held that it has extraterritorial effect. On the contrary, our appellate courts have in the past consistently rejected the argument that the Act permits recovery for injuries sustained outside the State; this court has denied leave to appeal from such decisions. The first case so holding was a 1950 decision of the Appellate Court for the First District, in *Eldridge* v. *Don Beachcomber, Inc.,* 342 Ill. App. 151. Subsequent cases are *Butler* v. *Wittland,* 18 Ill. App. 2d 578 (Third District); *Colligan* v. *Cousar,* 38 Ill. App. 2d 392 (First District); *Liff* v. *Haezbroeck,* 51 Ill. App. 2d 71 (Third District); and *Rubitsky* v. *Russo's Derby, Inc.,* 70 Ill. App. 2d 482 (Second District). The rationale of these decisions is well expressed in *Butler* v. *Wittland,* 18 Ill. App. 2d at pages 583-584:

"It is a well established principle that a statute has no extraterritorial force and is prima facie operative only as

to persons or things within the jurisdiction of the state where such statute is enacted. * * *

"In the instant case, the defendants did not become liable by reason of the alleged sale of liquor to Munns and his resulting intoxication. Essential to defendants' liability under the Illinois Dramshop Act is the sustaining of an injury by plaintiffs as the result of Munns' intoxication. The occurrence constituting this necessary element of liability did not take place in Illinois but in Missouri where the statute under which recovery is sought has no force or effect. Plaintiffs argue that the sale of liquor to Munns and his intoxication occurred in Illinois and constituted a tortious act complete within this state actionable under the Liquor Control Act. This is in effect a contention that any intoxication creates a right of action. No Illinois authority for such proposition is cited and it appears to be in direct conflict with the rule followed by our courts as stated in the cases to which we have referred."

The doctrine of *lex loci delicti* has been extensively criticized, and the appellate court's opinion describes at length the recent propensity among legal commentators and some courts to replace it with a more flexible rule, *i.e.,* the rule of "significant relationship" embodied in Tentative Draft No. 9 of § 379, Restatement of the Law, Second, Conflict of Laws (1964). Also known as the "center of gravity" rule, the proposed new Restatement of Conflicts, § 379, reads:

"(1) The local law of the state which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities in tort.

"(2) Important contacts that the forum will consider in determining the state of most significant relationship include:

    (a) the place where the injury occurred,

    (b) the place where the conduct occurred,

    (c) the domicile, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

"(3) In determining the relative importance of the contacts, the forum will consider the issues, the character of the tort, and the relevant purposes of the tort rules of the interested states."

A number of courts, including this court, have approved and adopted the "center of gravity" rule in common-law tort actions brought by one member of a family against another, where the injury occurred in a State other than the family's domicile. Thus, in *Wartell* v. *Formusa,* 34 Ill.2d 57, a wife sued her deceased husband's estate in Illinois for injuries she sustained in Florida while a passenger in her husband's car; both husband and wife were domiciled in Illinois. We held that the law of Illinois, rather than Florida, governed the question of interspousal immunity from tort actions, stating (34 Ill.2d at page 59): "The law of the place of the wrong should of course determine whether or not a tort has in fact been committed, but the distinct question of whether one spouse can maintain an action in tort against the other spouse is clearly a matter which should be governed by the law of the domicile of the persons involved. Here the domicile is Illinois. Illinois has the predominant interest in the preservation of the husband-wife relationship of its citizens, * * *." See also *Balts* v. *Balts,* 273 Minn. 419, 142 N.W.2d 66; *Emery* v. *Emery,* 45 Cal.2d 421, 289 P.2d 218; *Wilcox* v. *Wilcox,* 26 Wis.2d 617, 133 N.W.2d 408.

A different situation is presented in the instant case; the problem here is not one of conflict or choice of laws in the usual sense. Wisconsin, the situs of the plaintiff's injury, does not have a dramshop act; even if it did, the question of whether a plaintiff could seek recovery against Illinois tavern operators under a Wisconsin dramshop law is hypothetical and immaterial. (*Cf. Liff* v. *Haezbroeck,* 51 Ill. App. 2d 71.) The dispositive question here is whether

plaintiff may recover under the Illinois Dram Shop Act on which she has brought suit; the answer depends upon whether the Illinois Act may be given extraterritorial effect.

Our past decisions have established the rule that when a statute, such as the Dram Shop Act, is silent as to extraterritorial effect, there is a presumption that it has none. Thus, in *Union Bridge and Construction Co.* v. *Industrial Com.*, 287 Ill. 396, this court refused to read extraterritorial applicability into the Illinois Workmen's Compensation Act; the same result was reached with regard to the Illinois Occupational Diseases Act in *Dur-Ite Co.* v. *Industrial Com.*, 394 Ill. 338. Significantly, the legislature amended the Workmen's Compensation Act after the *Union Bridge* decision to expressly encompass injuries occurring outside the State when the contract of employment is made within Illinois (*Beall Bros. Supply Co.* v. *Industrial Com.*, 341 Ill. 193); there has been no similar amendment of the Occupational Diseases Act subsequent to the *Dur-Ite* case.

A relevant fact is that the legislature has not seen fit to amend the Dram Shop Act so as to give it extraterritorial applicability since the *Eldridge* case was decided in 1950. Although subsequent inaction by the legislature may not always be a perfect gauge of the correctness of a judicial interpretation of a statute (*Nudd* v. *Matsoukas*, 7 Ill.2d 608, 615), we believe it is a factor entitled to persuasive force in the instant case. (*Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32; *Modern Dairy Co.* v. *Department of Revenue*, 413 Ill. 55.) Nineteen years have elapsed since the *Eldridge* court declined to give the Dram Shop Act extraterritorial effect; in that period three other Illinois appellate court decisions have followed the *Eldridge* holding: *Butler* v. *Wittland*, 18 Ill. App. 2d 578; *Colligan* v. *Cousar*, 38 Ill. App. 2d 392; *Liff* v. *Haezbroeck*, 51 Ill. App. 2d 71. Moreover, the legislature has had specific occasion to consider and enact various amendments to the Dram Shop Act since 1950, including a revision and re-enactment of the whole Act in 1955

(Ill. Rev. Stat. 1967, ch. 43, par. 135), but has not inserted a provision of extraterritorial applicability.

In the last analysis, the question of whether the Dram Shop Act should be given extraterritorial effect is a question of policy that is peculiarly within the province of the legislature. The dramshop cause of action is *sui generis* and purely a creature of statute; it was nonexistent at common law. Liability does not depend upon fault or negligence, but is absolute. (*Cunningham* v. *Brown,* 22 Ill.2d 23.) Although some 21 other States have adopted dramshop acts in varying forms, the Illinois Act is particularly severe in two respects. First, it imposes liability upon anyone whose sale or gift of liquor contributes "in whole or in part" to the intoxication of a person who causes injury to another. Second, the Act renders liable not only those persons who directly engage in dispensing alcoholic beverages but also the owners or lessors of buildings who know that alcohol will be dispensed on the premises. (*Gibbons* v. *Cannaven,* 393 Ill. 376.) The harshness and anomalies of the Act have been the subject of much critical commentary. See especially Ogilvie, *History and Appraisal of the Illinois Dram Shop Act,* 1958 Ill. Law Forum 175, wherein the author states at page 190: "Illinois has the most stringent civil liability pertaining to the sale of alcoholic beverages of all the forty-eight states. The present act historically is based on a questionable premise and is subject to abuses in its application. Whether Illinois should follow the majority of states and eliminate the act, or modify it, or make it even stronger is, of course, for legislative and not for judicial determination."

The legislature's failure to enact a provision giving the Dram Shop Act extraterritorial effect may well have been prompted by a variety of reasonable policy considerations. Whatever those considerations may have been, the question was uniquely one for the legislature, not the courts, to ponder and decide. (*O'Callaghan* v. *Waller & Beckwith Realty Co.,* 15 Ill.2d 436; *Droste* v. *Kerner,* 34 Ill.2d 495;

*In re Bradwell,* 55 Ill. 535.) As we recently declared in *Maki* v. *Frelk,* 40 Ill.2d 193 at pages 196-197: "The General Assembly is the department of government to which the constitution has entrusted the power of changing the laws. * * * But when a rule of law has once been settled, contravening no statute or constitutional principle, such rule ought to be followed unless it can be shown that serious detriment is thereby likely to arise prejudicial to public interests. (*Molitor* v. *Kaneland Community Unit Dist.,* 18 Ill.2d 11; *Heidenreich* v. *Bremner,* 260 Ill. 439, 451.) The rule of *stare decisis* is founded upon sound principles in the administration of justice, and rules long recognized as the law should not be departed from merely because the court is of the opinion that it might decide otherwise were the question a new one. See *Prall* v. *Burckhartt,* 299 Ill. 19, 41."

We accordingly hold that the trial court properly dismissed count I of the amended complaint; the Illinois Dram Shop Act may not be applied extraterritorially to permit recovery for injuries inflicted outside Illinois. The decision of the appellate court to the contrary must be reversed.

The plaintiff contends that the appellate court erred in upholding the dismissal of count II of the complaint; this count alleges that the defendants were guilty of common-law negligence in selling alcoholic beverages to an intoxicated person. This contention is without merit. The precise issue was definitely decided by us in *Cunningham* v. *Brown,* 22 Ill.2d 23. We there held that the Dram Shop Act "provides the only remedy against tavern operators and owners of tavern premises for injuries to persons, property or means of support by an intoxicated person or in consequence of intoxication." (22 Ill.2d at pages 30-31.) Moreover, there is no common-law liability under Wisconsin law permitting recovery against tavern owners or operators for injuries caused by intoxicated persons. (*Farmers Mutual*

*Automobile Insurance Co.* v. *Gast,* 17 Wis.2d 344, 117 N.W.2d 347.) Thus, neither Illinois nor Wisconsin law supports a cause of action against these defendants under count II of the amended complaint. The decision of the appellate court as to the negligence count is correct and must be affirmed.

> *Reversed in part and affirmed in part.*