(No. 55285.—

(No. 56013.—

PATRICIA DEMCHUK, Conservator and as Mother and Next Friend, *et al.,* Appellees, v. MICHAEL DU-PLANCICH *et al.* (Manny Perl's, Inc., *et al.,* Appellants).—JOANNE DAHLBERG, Indiv. and as Adm'r and as Mother and Next Friend, Appellant, v. MAR-GUIRITE KOULBACH *et al.,* Appellees.

*Opinion filed June 18, 1982.—Rehearing denied October 1, 1982.*

John R. Stanton, of Heineke, Burke & Healy, of Chicago, for appellants Manny Perl's, Inc., *et al.*

Glen E. Amundsen and Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellants Joanne Dahlberg *et al.*

Robert Handelsman and Michael D. Schlesinger, of Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago, for appellees Patricia Demchuk *et al.*

Timothy A. Kulp, of Brody, Gore & Finenberg, Ltd., of Chicago, for appellees Marguirite Koulback *et al.*

JUSTICE UNDERWOOD delivered the opinion of the court:

These consolidated cases involve the special one-year limitation contained in the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) and its applicability to minors and incompetents.

In cause No. 55285, plaintiffs, Patricia Demchuk, individually and as conservator of the estate of her husband, Richard Demchuk, Sr., and Richard Demchuk, Jr.,

filed a complaint on January 5, 1977, in the circuit court of Cook County against Michael Duplancich for damages resulting from the latter's alleged negligence and wilful and wanton conduct in the operation of a motor vehicle while intoxicated. Richard Demchuk, Sr., was seriously injured as a result of a collision on July 7, 1976, between his vehicle and that of Duplancich and adjudicated an incompetent on November 18, 1976.

Plaintiffs subsequently deposed Duplancich, a minor, and learned that he had purchased beer at Pershing Liquors in Stickney, where he said he had regularly purchased beer without proof of identification. Plaintiffs accordingly amended their complaint within one year of the occurrence to include a dramshop action against Eli Boskovich, individually and doing business as Pershing Liquors, and Morris Valenti. Plaintiffs added as a party plaintiff Patricia Demchuk as mother and next friend of Michael and James Demchuk, minor dependents of Richard Demchuk, Sr. Plaintiffs later learned through Russel Barone, a passenger in Duplancich's car, that Duplancich had purchased liquor at Manny Perl's in Cicero and not at Pershing Liquors. Thereafter, on March 8, 1979, some 32 months after the accident, plaintiffs again amended their complaint, naming as defendants Manny Perl's, Inc. and First National Bank of Cicero, as trustee (hereinafter referred to as defendants). On motion of defendants, the circuit court subsequently dismissed the dramshop count for failure to file within one year of the occurrence. The appellate court reversed, with one justice dissenting (96 Ill. App. 3d 740), and we allowed defendants' petition for leave to appeal.

In cause No. 56013, plaintiff, Joanne Dahlberg, individually, as administrator of the estate of her deceased husband, and on behalf of her two minor children, brought a dramshop action on March 20, 1979, in the circuit court of Cook County against defendants, Mar-

guirite Koulbach and Martin Murray, individually and doing business as The Slammer Inn, in Chicago. The complaint alleged that on April 2, 1977, the deceased became intoxicated at the inn and as a result was later involved in a fatal collision when he drove his motor vehicle into a "viaduct pole" on a major Chicago street. On motion of defendants, the circuit court dismissed the action with prejudice. Plaintiff appealed to the appellate court from the dismissal of the claims of her minor children, and we allowed a motion to transfer and consolidate the case with cause No. 55285.

This court has frequently construed various provisions of the Dramshop Act, and it has repeatedly been stated that the dramshop cause of action is *sui generis* and purely a creature of statute. (*E.g., Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 7; *Howlett v. Doglio* (1949), 402 Ill. 311, 318.) It is not an actionable tort at common law in Illinois either to sell or give intoxicating liquor to a "strong and able-bodied man," and such an act was not deemed to be actionable negligence either on the theory that it was a direct wrong or on the ground that it was negligence which imposes a liability on the seller for damages resulting from the intoxication. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 29-30; *Howlett v. Doglio* (1949), 402 Ill. 311, 318; *Cruse v. Aden* (1889), 127 Ill. 231, 234; see generally Ogilvie, *History and Appraisal of the Illinois Dram Shop Act* U. Ill. L.F. 175 (1958).) The lack of a common law remedy motivated our legislature and that of several other States to create such liability. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30.) Hence, the liability imposed, which does not depend upon fault or negligence, and the damages recoverable are expressly and exclusively defined in the Act. *Howlett v. Doglio* (1949), 402 Ill. 311, 318.

The Act has contained its own special limitation

since 1949. (See Ill. Rev. Stat. 1951, ch. 43, par. 135.) Prior thereto, the general five-year statute of limitations was applicable to such suits. (*Fourt v. DeLazzer* (1952), 348 Ill. App. 191; *Desiron v. Peloza* (1941), 308 Ill. App. 582.) The 1949 amendment contained the following language: "provided that every action hereunder shall be commenced within two years next after the cause of action accrued" (Ill. Rev. Stat. 1951, ch. 43, par. 135), and was held by this court to be retroactive in application, thus barring a cause of action which had accrued prior to the effective date of the amendment (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342). The limitation period was reduced to one year by a 1955 amendment and the language changed to read: "provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued." (Ill. Rev. Stat. 1957, ch. 43, par. 135.) This provision remains substantially unchanged. Ill. Rev. Stat. 1979, ch. 43, par. 135.

In 1960, this court held that the one-year proviso in the Dramshop Act is a special limitation upon a statutory cause of action which is applicable to minors. (*Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.) Prior to *Lowrey,* the appellate courts of this State had consistently held that actions involving minor plaintiffs were barred if not filed within one year after the cause of action accrued. (*Shelton v. Woolsey* (1959), 20 Ill. App. 2d 401, 405; *Steiskal v. Straus* (1954), 3 Ill. App. 2d 479 (abstract of opinion), see also *Seal v. American Legion Post No. 492* (7th Cir. 1957), 245 F.2d 908.) The holdings in those cases were predicated upon the well-recognized rule that a special limitation in a purely statutory cause of action, unlike a general statute of limitations, operates as a limitation of the liability itself and not the remedy alone. It is a condition attached to the right to bring

the action, and plaintiffs must allege or state facts showing that the action is brought within the time prescribed or they have failed to bring themselves within the compass of the Act. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285.

Plaintiffs argue, however, that the rule in *Lowrey* is contrary to the public policy of this State which protects minors and incompetents and is inconsistent with this court's more recent decision in *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58. A majority of a First District panel, in reversing cause No. 55285, agreed (96 Ill. App. 3d 740), whereas a unanimous Fourth District panel, finding *Lowrey* to be the controlling authority, recently affirmed the dismissal of a dramshop action on behalf of a minor which was filed two years after the cause of action accrued. *Gustafson v. Mathews* (1981), 95 Ill. App. 3d 1204 (Rule 23 order), *appeal denied* (1981), 85 Ill. 2d 565.

In *Wilbon,* a divided court held that the two-year limitation contained in the Wrongful Death Act did not apply to the claims of minors. The court questioned the historical basis for the rule at common law denying recovery for wrongful death, and noted that the rule had been described as " 'obviously unjust, *** technically unsound *** and based upon a misreading of legal history.' " (73 Ill. 2d 58, 62.) The court further noted that the precise question at issue concerning the Wrongful Death Act had never been decided by this court, and ultimately resolved the question on the basis of legislative intent. While the appeal in that case was pending, the legislature had amended the Wrongful Death Act to specifically provide that the two-year limitation was tolled during a plaintiff's minority. (Ill. Rev. Stat. 1977, ch. 70, par. 2.) The majority interpreted this legislative action as evidence that the General Assembly intended, in accord with the earlier appellate court holding in *Wilbon* (48 Ill. App. 3d 98), to reaffirm the existing law rather than to

change it.

Unlike the situation in *Wilbon,* the precise issue here presented was decided by this court more than 20 years ago. Despite several subsequent amendments to the Dramshop Act, the legislature has not changed the language of the Act to provide for tolling due to generally recognized disabilities such as minority or incompetency. Under such circumstances, the legislature's inaction is a persuasive factor in determining the correctness of the prior judicial interpretation. (*Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 6.) This court's rationale in *Graham* is particularly apposite. The court there held that the Dramshop Act had no extraterritorial effect. The court relied heavily on the fact that 19 years had elapsed without legislative action after the first appellate court decision declined to give the act extraterritorial effect. (See *Eldridge v. Don Beachcomber, Inc.* (1950), 342 Ill. App. 151.) Subsequent to *Eldridge,* three other appellate court decisions followed its holding. (See cases cited at 43 Ill. 2d 1, 6.) In the last analysis the court in *Graham* stated, the policy question is peculiarly within the province of the legislature. It may have been prompted by a variety of reasonable policy considerations in failing to enact a provision giving the Act extraterritorial effect, and "[w]hatever those considerations may have been, the question was uniquely one for the legislature, not the courts, to ponder and decide." 43 Ill. 2d 1, 7.

Similarly, we consider that the question here is not whether this court believes that public policy considerations in favor of minors (see, *e.g., Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515) or incompetents should override the evils of long-delayed litigation which the one-year limitation seeks to avoid. (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 353.) Rather, it is the legislative intent which is dispositive, as this court has al-

ways recognized in construing statutory provisions of this nature. (*Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58; *Johnson v. Industrial Com.* (1972), 53 Ill. 2d 23; *Masin v. Bassford* (1943), 381 Ill. 569.) Whether a change in the law should be effected in this statutory cause of action to exempt minors and incompetents from the one-year requirement is not for judicial determination where, as here, the legislature has clearly concluded that the benefits of the limitation outweigh the possibility that a minor or incompetent's claim will be barred by the failure of a personal representative to institute suit within one year. It is true, as plaintiffs point out, that this court has abolished judicially created doctrines where it considered such doctrines to be unsound and unjust under prevailing conditions. (*E.g., Alvis v. Ribar* (1981), 85 Ill. 2d 1; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11.) Where, however, a time limitation enacted by the legislature as an integral part of a legislatively created cause of action has been construed by this court as a condition precedent to that right of action applicable to minors, and the legislature has acquiesced in such holding, this court is simply not warranted in later construing the same limitation differently. (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 419.) Such action would plainly be a forbidden judicial amendment to the statute. 41 Ill. 2d 412, 419.

We accordingly adhere to our original holding that the special one-year limitation in the Dramshop Act is a condition precedent to the right of recovery which must be observed by all plaintiffs in order to bring themselves within the Act.

Plaintiffs in cause No. 55285 also urge this court to recognize a common law cause of action for negligence predicated upon a violation of section 12 of article VI of the Act (Ill. Rev. Stat. 1977, ch. 43, par. 131), which pro-

hibits, *inter alia,* the sale of alcoholic liquor by a licensee to a minor. Defendants filed a motion to strike this portion of plaintiffs' brief, and we took the motion with the case. This court has previously refused to recognize a common law cause of action predicated upon negligence, holding that the Dramshop Act provides the exclusive remedy against tavern operators and owners of tavern premises for injuries caused by intoxication. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30-31; *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 77; *Pearce v. St. John* (1961), 22 Ill. 2d 412.) Since the issue is not properly before us there is no need to consider its merits.

Plaintiffs' complaint against the tavern owner was predicated upon section 14 of article VI of the Act, which imposes liability without fault. The relief sought was the maximum amount of damages recoverable under the Act. Although one paragraph of the complaint alleged that the appellant dramshop "did sell, dispense or give alcoholic beverages or beer to Michael Duplancich," a minor, in violation of section 12 of article VI of the Dramshop Act, this paragraph was simply added to the one-count complaint against the dramshop owner which sought recovery under the Dramshop Act. Plaintiffs did not plead a common law cause of action for negligence; nor did they plead a statutory violation as *prima facie* evidence of negligence. In response to defendants' motion to dismiss the complaint, plaintiffs argued that public policy prevents the one-year limitation provision of the Dramshop Act from barring an action by minors and incompetents. Similarly, as appellants in the appellate court, plaintiffs did not argue that their complaint was improperly dismissed because it stated a cause of action for common law negligence which would not be barred by the one-year limitation of the Dramshop Act. While plaintiffs concede that this theory was not presented to either of the courts below, they argue that, in reviewing

a judgment of the appellate court, this court is concerned not with the reasons for the judgment but with the propriety of the judgment itself, citing *Robinson v. Workman* (1956), 9 Ill. 2d 420. Defendants, on the other hand, agree that an appellee may support his position on appeal by any argument and on any basis which appears in the record and which shows that the order is proper, even if he has not previously advanced such argument (see, *e.g., Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248; *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 549), but argue that the basis for the plaintiffs' argument here is not supported by the record and has no bearing on the appellate court judgment. We agree.

First, as we have noted, plaintiffs neither alleged in their complaint nor argued in the trial court a theory of negligence based on common law principles or a violation of a statutorily imposed duty. Consequently, such an argument is simply not supported by the record. Secondly, the appellate court's judgment reversing the dismissal of the dramshop action was based upon its belief that a minor or incompetent is not bound by the limitation contained in the Act. The theory now advanced by plaintiffs does not *support* the appellate court judgment reversing the *dramshop* action. The issue now raised is wholly unrelated to whether a minor or incompetent is bound by the special limitation in the Dramshop Act. We note, too, that had plaintiffs, who are the appellees here, raised this argument as a basis for reversal in the appellate court, where they were appellants, that court should not have considered the argument, since it would clearly have constituted substituting on review a theory never advanced in the trial court. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147-49; *cf. Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 156-57.

Plaintiffs also argue, quoting *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 520, that "[i]n many in-

stances, this court, acting under [Supreme Court] Rule 366, has decided issues that had not been presented to or decided by the court whose decision is being reviewed." In *Gatto,* this court reversed the appellate court, which had held that it lacked jurisdiction to review a trial court order, and, acting under Rule 366 (73 Ill. 2d R. 366(a)), found it unnecessary to remand the cause to the appellate court for that review. Although we consider the posture of the present case entirely different from that in *Gatto,* any consideration of the issue urged by plaintiffs would be pure *dicta* at this point, since they did not plead the cause of action they urge us to recognize.

For the reasons expressed, the appellate court judgment in cause No. 55285 is reversed, and the judgment of the circuit court of Cook County is affirmed. In cause No. 56013, the judgment of the Cook County circuit court dismissing the complaint is affirmed.

*55285 — Appellate court reversed;*
*circuit court affirmed.*
*56013 — Circuit court affirmed.*