Jacob Joseph HENNES and Kay Ann Hennes, heirs of Daniel Mark Hennes, and Jacob Joseph Hennes, Plaintiffs-Appellants,†

v.

LOCH NESS BAR, Defendant-Respondent.

Court of Appeals

*No. 82–1921. Submitted on briefs August 22, 1983.—*
*Decided December 27, 1983.*
(Also reported in 344 N.W.2d 205.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Hammarback Law Office* and *B.J. Hammarback* of Spring Valley.

For the defendant-respondent the cause was submitted on the briefs of *Doar, Drill & Skow, S.C.* and *Thomas D. Bell* of New Richmond.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. We hold that a Minnesota judgment imposing dram shop liability on a Wisconsin bar for selling alcohol in Wisconsin is invalid. Wisconsin has rejected dram shop liability, *Olsen v. Copeland*, 90 Wis. 2d 483, 488–90, 280 N.W.2d 178, 180–81 (1979), and Loch

---

† Petition to review dismissed.

Ness was entitled to rely on this in insuring and conducting its bar business in Wisconsin. Minnesota is not entitled to export its public policy to Wisconsin, a coequal sovereign. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292–93 (1980). The circuit court therefore correctly refused to enforce the Minnesota judgment.

The judgment also would no longer be enforced in Minnesota. The judgment is for damages from a Minnesota automobile accident. The accident was caused by Roger Lee, who had been drinking at the Loch Ness Bar in St. Croix County, Wisconsin, some four miles from the Wisconsin-Minnesota border. The basis for Loch Ness's liability was that it negligently served too many drinks to Lee. Loch Ness did not appear in the Minnesota action,[1] and the Henneses took a default judgment. Jurisdiction for this judgment was based on Minnesota Supreme Court decisions that have since been overruled. *See West American Insurance Co. v. Westin,* 337 N.W. 2d 676 (Minn. 1983).

*By the Court.*—Judgment affirmed.

---

[1] The Minnesota judgment specifically stated that Loch Ness made "no appearance . . . ." We therefore reject the Hennes' contention that Loch Ness entered a general appearance or waived the issue of personal jurisdiction.