(No. 61080.—

IRENE SILVA WIMMER, Indiv. and as Special Adm'r, Appellee, v. LAWRENCE KOENIGSEDER *et al.*, Appellants.

*Opinion filed October 18, 1985.*

William A. Holmquist, of Waukegan, and Steven L. Larson and Linda E. Spring, of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellants.

James J. Desanto, P.C., of Waukegan, and Thomas M. P. Hannigan, of Mundelein (James J. Desanto, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

Judith Ann Silva, a 17-year-old Illinois resident accompanied Lawrence Koenigseder, a 19-year-old Illinois resident to two taverns, the Rock-It North and Horsin Around, located in Trevor, Wisconsin, less than a fifth of a mile north of the Illinois border. Early the following morning, Koenigseder drove his car off the road in McHenry County, Illinois, hitting two mail boxes and a utility pole. Silva died from the injuries she received in the accident.

Irene Silva Wimmer, as special administrator, *pendente lite* of Silva's estate and individually, sued Gilbert, Rita, Christopher and Mark Meisgeier and two Wisconsin corporations, Rock-It North and Horsin Around (hereinafter the defendants), along with Koenigseder, in the circuit court of Lake County seeking damages under the common law and under the Illinois Dramshop Act (the Act) (Ill. Rev. Stat. 1981, ch. 43, par. 135) on ac-

count of Silva's death. The plaintiff alleged that the
defendants controlled and operated the two Wisconsin
taverns, that they were negligent in serving alcoholic
beverages to Koenigseder and Silva and also violated the
Act. She alleged that the alcoholic beverages sold to
Koenigseder by the defendants caused him to become in-
toxicated, to drive his car at a high rate of speed, and to
have the accident in McHenry County which resulted in
Silva's death.

An affidavit of service filed by a process server ap-
pointed by the circuit court in this case reveals that the
defendant Rita Meisgeier and her son Mark were both
personally served with summons at Fox Lake, Illinois.
Koenigseder was also served in Illinois. The other
defendants were served in Wisconsin, and the plaintiff
alleged jurisdiction as to them, and also as to Rita and
Mark Meisgeier, under two sections of our long-arm stat-
ute (Ill. Rev. Stat. 1981, ch. 110, pars. 2—209(a)(1), (2)).
All of the defendants filed special appearances for the
purpose of contesting jurisdiction. In support of their
motions to dismiss for lack of jurisdiction, the defend-
ants submitted affidavits stating that they were Wiscon-
sin residents and corporations with no jurisdictional con-
tacts with Illinois. Two attorneys for the plaintiff also
filed affidavits detailing contacts in Illinois which they
believed were sufficient to establish jurisdiction under
the long-arm statute. Koenigseder moved to transfer the
cause to McHenry County, Illinois. After a hearing the
circuit judge granted the motions to dismiss and
Koenigseder's motion to transfer.

The appellate court reversed the order of the circuit
court dismissing the complaint against the defendants
(128 Ill. App. 3d 157), and we allowed their petition for
leave to appeal (94 Ill. 2d R. 315). The appellate court
addressed only the question of whether personal jurisdic-
tion over the defendants could properly be obtained un-

der the Illinois long-arm statute. In doing so, it ruled that the "commission of a tortious act" as well as the "transaction of any business" sections of the Illinois long-arm statute had been satisfied. The appellate court decision, therefore, injects into this appeal the issue of the sufficiency of the complaint which alleged that the defendants engaged in conduct which was tortious under the laws of either Illinois or Wisconsin.

The defendants did not argue in the circuit court that they owed no duty to refrain from serving alcoholic beverages to Koenigseder. It is in order, however, at any stage of the proceedings, and particularly as in this case before verdict, to raise the objection that the complaint fails to state a cause of action and is therefore legally insufficient. (See *Swager v. Couri* (1979), 77 Ill. 2d 173, 185.) We recently observed that this court "will consider an issue not raised in the circuit court if the record contains all the factual material that is necessary to decide the issue." (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 142.) There is nothing that the plaintiff could allege beyond what her amended complaint includes to establish that the conduct of the defendants was tortious. Moreover, it would be a complete waste of judicial resources to permit this proceeding to continue by ruling that there is long-arm jurisdiction if it is clear, as the defendants argue before this court, that neither statutes nor the common law in Wisconsin or Illinois would permit recovery.

The defendants argue here that they did not commit any tort in either Illinois or Wisconsin. The first step in our inquiry is to identify the alleged tort. The connection between the defendants and the automobile accident in Illinois must be through the allegedly negligent or illegal sale of liquor to Koenigseder in Wisconsin, which caused him to become intoxicated, to drive negligently, and to have the accident in Illinois resulting in Silva's death.

As in any action for negligent conduct, a defendant must have breached a duty owed to the plaintiff. (*Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 480; *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162; *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374; Prosser, Torts sec. 30, at 143 (4th ed. 1971).) Whether there was a legal duty must be determined by the courts as a matter of law. (*Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 480; *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163; see also *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26.) In this case, we find no duty breached by the defendants under either Illinois or Wisconsin statutory or common law by the allegedly negligent or improper sale of alcohol to defendant Koenigseder.

Wisconsin has no dramshop statute; therefore, no statutory duty is owed by Wisconsin tavernkeepers to their patrons. (*Hennes v. Loch Ness Bar* (1983), 117 Wis. 2d 397, 344 N.W.2d 205.) Nor does Wisconsin recognize any common law action in tort against a dispenser of alcoholic beverages for serving an intoxicated customer who then injures a third party. *Olsen v. Copeland* (1979), 90 Wis. 2d 483, 280 N.W.2d 178; *Garcia v. Hargrove* (1970), 46 Wis. 2d 724, 176 N.W.2d 566.

Plaintiff suggests that Wisconsin law has been changed by *Sorensen v. Jarvis* (1984), 119 Wis. 2d 627, 350 N.W.2d 108. *Sorensen* held that a third party injured by an intoxicated minor may sue a tavernkeeper for negligent sale of liquor to a person the tavernkeeper knew or should have known was a minor. In this case the driver Koenigseder, 19 years old at the time of the accident, was above the legal age for the consumption of liquor in Wisconsin. He was not a minor for the purpose of applying Wisconsin law, and there were no restrictions in Wisconsin on serving alcoholic beverages to him.

Although Silva was only 17, there is no allegation in the complaint or factual support in the record suggesting that her death was caused by the sale of liquor to her. Further, *Sorensen* is specifically limited to allegedly negligent sales of liquor to minors which occurred on or after September 1, 1984, and thus it cannot apply to these acts which occurred in 1982.

While the defendants owed Silva no duty under Wisconsin law to refrain from serving Koenigseder, it is necessary to inquire whether they owed any duty to her under Illinois common or statutory law in order to determine whether any tort was committed in Illinois by the defendants. Here again the answer is in the negative.

The Act (Ill. Rev. Stat. 1981, ch. 43, par. 135) applies to sales of liquor by Illinois tavernkeepers for injuries sustained in Illinois. In *Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, this court held the Act did not apply extraterritorially to an accident which occurred in Wisconsin after the sale of liquor by an Illinois tavernkeeper in Illinois. (See also *Cunningham v. Brown* (1961), 22 Ill. 2d 23; *Rubitsky v. Russo's Derby, Inc.* (1966), 70 Ill. App. 2d 482; *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392.) Plaintiff argues that the controlling feature in *Graham* was the place of the accident, and that even if the Illinois dramshop law does not apply to an Illinois sale which results in a Wisconsin accident, it does apply to a Wisconsin sale which results in an Illinois accident. This was not the reasoning in *Graham*, and plaintiff's argument is without merit.

The *Graham* court quoted an earlier case which stated that " '[i]t is a well established principle that a statute has no extraterritorial force and is *prima facie* operative only as to persons or *things* within the jurisdiction of the state where such statute is enacted.' " (Emphasis added.) (*Graham v. General U.S. Grant Post No.*

*2665, V.F.W.* (1969), 43 Ill. 2d 1, 3-4, quoting *Butler v. Wittland* (1958), 18 Ill. App. 2d 578, 583-84.) The holding of *Graham* is that the Act applies only to a sale in Illinois by an Illinois tavernkeeper which results in an injury in Illinois. Here there was a sale in Wisconsin by a Wisconsin tavernkeeper.

The Act is a statute which serves the important public purpose of regulating the sale of liquor by Illinois tavernkeepers in Illinois to Illinois patrons. It has been consistently interpreted in this manner throughout its history. Nothing in the statute reflects any legislative intent to extend the statute to Wisconsin tavernkeepers, and we express no opinion now as to whether such an intent would be consistent with the United States Constitution.

Our courts have also frequently announced that there is no common law liability for the negligent sale of liquor in Illinois. (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 9 (Illinois tavernkeeper not liable for selling to intoxicated patron who then drove into Wisconsin, where he caused an accident); *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 5; *Knierim v. Izzo* (1961), 22 Ill. 2d 73; *Wienke v. Champaign County Grain Association* (1983), 113 Ill. App. 3d 1005; *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884; *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496; *Miller v. Moran* (1981), 96 Ill. App. 3d 596.) A contrary result was reached prior to *Graham* by our appellate court in *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392, where, as in *Graham*, liquor was sold in Illinois and an accident occurred in an adjoining State. The view of the Illinois common law stated by the appellate court in *Colligan* was never relied upon by this court or our appellate court, and it was later contradicted by this court's expression on the same subject in *Graham*. The *Colligan* statement of the common law is therefore obsolete.

The court noted in *Graham* that the precise issue had been decided in *Cunningham v. Brown* (1961), 22 Ill. 2d 23, where the court held that the Act "provides the only remedy against tavern operators and owners of tavern premises for injuries to persons, property or means of support by an intoxicated person or in consequence of intoxication." (22 Ill. 2d 23, 30-31.) This court went on to explain in *Graham* that "there is no common-law liability under Wisconsin law permitting recovery against tavern owners or operators for injuries caused by intoxicated persons." (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 8.) It concluded *Graham* by stating that neither Illinois nor Wisconsin law recognizes an action alleging common law negligence based on a sale of liquor by an Illinois tavern owner to an intoxicated person.

The only difference between *Graham* and this case is that in *Graham* the sale occurred in Illinois and the accident happened in Wisconsin, while here the sale was in Wisconsin and the accident was in Illinois. In view of the conclusion in *Graham* that neither State recognizes common law liability in this situation, our conclusion is that this difference is without significance. In fact it would be incongruous were we to hold that while the Illinois seller who was subject to the Act was not liable in *Graham* for consequences in Wisconsin which followed his liquor sale, the Wisconsin seller who is subject to neither statutory nor common law liability is liable for such consequences in Illinois.

Plaintiff also relies on *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 434, to support her contention that the defendants have committed a tort in Illinois. The *Gray* doctrine, which developed in the context of a product liability claim, only fixes the locus of a tort, if one has occurred, as the place of injury. It did not hold that there can be recovery for an injury

which is suffered in Illinois where the injury has not been caused by the defendant's tortious conduct. The fact that the injury occurred in Illinois in this case does not make the conduct of the defendants tortious if they owed no legal duty under either Illinois or Wisconsin law to refrain from serving alcoholic drinks to Koenigseder in Wisconsin. *Gray* does not apply here.

Finally, the plaintiff relies on *Anderson v. Luitjens* (1976), 311 Minn. 203, 247 N.W.2d 913, *Blamey v. Brown* (Minn. 1978), 270 N.W.2d 884 (overruled on other grounds in *West American Insurance Co. v. Westin, Inc.* (Minn. 1983), 337 N.W.2d 676 (insufficient contacts)), and *Young v. Gilbert* (1972), 121 N.J. Super. 78, 296 A.2d 87. In these cases the court premised liability on a common law or statutory duty which it found to exist in either the forum State or the one in which the liquor was served or in both States. Because there is no statutory or common law duty in Wisconsin or Illinois, these cases are not pertinent.

The plaintiff is unable to overcome the first hurdle in any tort case—a showing that the defendant owed the plaintiff a duty of care. Because the defendants owed no duty to Silva to refrain from serving drinks to Koenigseder, the defendants did not commit a tort. We conclude that on the facts presented the plaintiff has not and cannot state a valid cause of action against the defendants and therefore is precluded from recovery against them in this action, even assuming that the Illinois court has jurisdiction over them.

The frequency of injuries received by Illinois residents in automobile accidents involving drivers too young to drink in Illinois who become intoxicated in Wisconsin taverns is an evil which we deplore. The problem, however, is not created by the manner in which Illinois courts have consistently construed our act and applied our common law, and it would not be solved were we to

hold that either our statutory or common law recognizes a duty that the defendants owed to Silva under the circumstances of this case and under which the plaintiff could recover. We note that Congress has attempted to solve the problem of teenage drinking and driving by enacting legislation that requires increasing percentages of Federal highway funds to be withheld from States which continue to set their minimum legal drinking age at under 21. (23 U.S.C.A. sec. 158 (West Supp. 1985).) We commend this effort to establish a uniform minimum drinking age. If the legislation has the desired effect, it should eventually eliminate the problem presented by this case.

However, the circuit court properly dismissed the present case, and the appellate court must be reversed. The order of the circuit court dismissing the cause as to the defendants is affirmed. The portion of the circuit court order transferring the cause against Koenigseder to McHenry County was not contested and is not addressed by us.

*Appellate court reversed;*
*circuit court affirmed.*