680 F.Supp. 182 (1987)
In re MONTGOMERY WARD CATALOG SALES LITIGATION.
This Document Relates To:
Balsinger, Pena, Logue and Jeffries.
MDL No. 685, Nos. 85-5094, 85-5951, 86-2808 and 85-1387-E.
United States District Court, E.D. Pennsylvania.
October 26, 1987.
Harold E. Kohn, Dianne M. Nast, Joseph C. Kohn, Philadelphia, Pa., for Harold Balsinger, Mary Ann Balsinger, David F. Smith, Jr., Mary K. Smith, Michael Masone and Louise Masone, Joseph A. Pena, Janie C. Pena, Wilburdean Harley and Nancy L. Harley.
Lawrence M. Reifurgh, San Rafael, Cal., for David K. Pitcher, et al.
Michael S. Holland, Russell, Kan., for Al and Cynthia Weismaster.
Agnes Rora, Madison, Wis., for Lester and Rose Osenga.
Craig Shultz, Shultz & Webb, Chtd., Wichita, Kan., for Don L. Mangels, Isabel Mangels, Robert A. Hayes and Karen Hayes.
Keith C. Zagar, Dubail, Judge, Kilker, O'Leary & Smith, St. Louis, Mo., for Ronald McGrath and Mary McGrath.
Stephen P. Beale, Skelton, Taintor & Abbott, Laurie A. Gibson, Auburn, Me., for Edward and Dorothea Doiron.
John Griffin, Jr., Victoria, Tex., for Gene Donnell and Donna Donnell.
Patrick Zummo, Baker & Botts, Houston, Tex., for Montgomery Ward & Co., Inc. and C.B. Kirk.
*183 Ron L. Yandell, Wichita Falls, Tex., for Bill and Ann George.
Harold E. Kohn (lead counsel), Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., David M. Powell, Wright, Lindsey & Jennings, Little Rock, Ark., Jose E. Gonzalez, Donovan Leisure Newton & Irvine, New York City, John W. Clarke, Harris Beach Wilcox Rubin & Levey, Rochester, N.Y., Michael H. Auen, David J. Harth, Foley & Lardner, Madison, Wis., Steven S. Goldenberg, Saiber, Schlesinger, Satz & Goldstein, Newark, N.J., Richard de Saint Phalle, Crosby, Heafey, Roach & May, P.C., Oakland, Cal., John A. Gale, Girard, Gale & Stack, North Platte, Neb., Earl E. Pollock, Kenneth H. Hoch, Robert B. Millner, Katherine B. Devoid, Chicago, Ill., Seymour Kurland, Burt M. Rublin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., F. Joe Falk, Walters Whitaker Finney & Falk, Yakima, Wash., Paul C. Duncan, Derryberry Duncan Gray & Quigley, Oklahoma City, Okl., Kenneth H. Hoch, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., Lino Marsillo, Mossoula, Mont., Sue K. McDonnell, Donovan, Leisure, Newton & Irvine, Los Angeles, Cal., James W. Collier, Detroit, Mich., Glenn C. Equi, Philadelphia, Pa., Allen R. Slater, J. Michael Haskin, Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, Olathe, Kan., Edward M. Dolson, Truman K. Eldridge, Jr., Louis A. Huber, III, Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, Kansas City, Mo., James M. Armstrong, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., Wallace E. Harrell, Brunswick, Ga., Michael P. Berman, Phoenix, Ariz., Dirk V. Block, Kearney, Neb., John A. Gale, North Platte, Neb., David L. Belt, Jacobs Grudberg Belt & Dow, P.C., New Haven, Conn., Richard W. Butler, Eugene, Or., Michael T. DePinto, Long & Jaudon, Denver, Colo., Hiscock & Barclay, Syracuse, N.Y., James L. Gorsuch, Crenshaw, Dupree & Milam, Lubbock, Tex., Alan I. Silver, Doherty, Rumble & Butler, St. Paul, Minn., John M.R. Paterson, Andrew J. Bernstein, Bernstein, Shur, Sawyer & Nelson, Portland, Me., Larry D. Carlson, Baker & Botts, Dallas, Tex., Michael Paul Graham, John Breihan, Baker & Botts, Austin, Tex., for Montgomery Ward & Co., Inc.
Kenneth E. Newman, Donovan, Leisure, Newton & Irvine, New York City, Mousaw, Vigdor, Reeves, Heilbronner & Kroll, Rochester, N.Y., Robinson, Wayne, Levin, Riccio & LaSalla, Newark, N.J., W. Merritt Jones, Jr., Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., Edward Mengel, Philadelphia, Pa., Albert Fendig, Jr., Brunswick, Ga., Dewey, Ballantine, Bushby, Palmer & Wood, Clarence J. McGowan, Sanford M. Litvack, New York City, Allan Van Fleet, Vinson & Elkins, Houston, Tex., R. Steven Haught, Daugherty, Bradford, Fowler & Moss, Oklahoma City, Okl., for Mobil Corp.
Steve Davis, Meadows & Davis, Harrison, Ark., for Dale and Linda Norton.
Leon Katzen, Lacy Katzen Ryen Mittleman, Rochester, N.Y., Kenneth Hoch, Sonnenschein Carlin Nath & Rosenthal, Chicago, Ill., for Donald E. Jeffries, et al.
Warren S. Robins, Cummins, Dunn & Pashman, Hackensack, N.J., for Robert F. Quaranta, et al.
Grayson S. Taketa, San Jose, Cal., Robert L. Mezzetti, Philadelphia, Pa., for Frank E. Alvernaz, Sr. and Anne E. Alvernaz.
Kelley Scritsmier Moore & Byrne, P.C., North Platte, Neb., for Sherri Fuss.
Roderick P. Martinelli, Lawrence M. Reifurth, Bagshaw, Martinelli, Corrigan & Jordan, San Rafael, Cal., for David K. and Carolyn Pitcher.
Harry E. Ries, Ries & Kenison, Moses Lake, Wash., for Norbert A. Schwahn, et al.
Terry W. West, Shawnee, Okl., M. Frank Powell, Austin, Tex., for Jack Garner, et al.
Stephen Berg, Kalispel, Mont., for Ira C. Watteyen, et al.
Paul D. Gutierrez, Gutierrez & Associates, San Francisco, Cal., for Duane Smith, et al.
Kenneth R. Lango, Troy, Mich., Joseph G. Aprea, Traverse City, Mich., for Gerald Bodamer, et al.
Harold E. Kohn, Dianne M. Nast, Jeanne P. Wrobleski, Joseph C. Kohn, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., *184 William P. Tedards, Jr., Linda Joseph, Jaeckle, Fleischmann & Mugel, Washington, D.C., Marjorie Golante, Golante & Golante, Towanda, Pa., for Francis and Meredith Logue, et al.
Russell C. Atchley, Vowell & Atchley, Berryville, Ark., for Obe Wright, et al.
Scott Spencer, Sverdrup & Spencer, Libby, Mont., for Lewis Y. and Thelma R. Blackwell.
Frankie J. Dawson, Kelley Scritsmier Moore & Byrne, North Platte, Neb., for Roger and Linda Herr, and James and Donna Vandament.
John Norman Harkey, William C. Brazil, Conway, Ark., for M.J. Behrens and Mary J. Behrens.
William H. Glover, Jr., Brunswick, Ga., for Furman Ray Crews, et al.
Warner G. Leppin, Winslow, Ariz., for Johnny L. Butler and Helen Butler.
Gary L. Scritsmier, Moore & Byrne, P.C., North Platte, Neb., for Phil D. and Marlene J. Kleppinger and Douglas and Janet Spale.
Michael D. Rybak, Guion & Stevens, Litchfield, Conn., for Edward Dwyer, et al.
Gregory P. Lynch, Bend, Or., for Dean and Nancy Taylor.
Luke Danielson, Denver, Colo., William Ikard, M. Frank Powell & Associates, Austin, Tex., for Kenneth G. Hurst and Pamela Hurst.
R. Jack Garrett, West Plains, Mo., for Rick and Kathy Grigsby.
Scolaro, Shulman, Cohen, Lawler & Burstein, P.C., Syracuse, N.Y., for Charles D. and Sara Elaine Chapin.
M. Frank Powell & Associates, Austin, Tex., for Larry and Sandra Carrigan.
David Throesch, Pocahontas, Ark., for Tom Young and Rosemary Young d/b/a Young Agency.
Douglas J. Klingberg, Kevin E. Wolf, Ruder Ware Michler & Forester, S.C., Wausau, Wis., Lee A. Freeman, Jr., Freeman, Freeman & Salzman, P.C., Chicago, Ill., for Ivan L. Adams d/b/a Ivan Adams Sales Agency, et al.
Patrick M. Connealy, Chadron, Neb., for Robert E. and Lynette K. Smith.
Gail Murray, Eliason & Murray, Hibbing, Minn., for Donald E. Schwartz.
Matthew R. McCrink, McCrink, Nelson & Kehler, West Berlin, N.J., for Salvatore Pasquarelli.
Curtis Pritchard, Lummus, Hallman, Pritchard & Baker, Cleburne, Tex., for Neal Lanman.

PRETRIAL MEMORANDUM ORDER NO. 25
CLIFFORD SCOTT GREEN, District Judge.

I.
Plaintiff class has moved to strike certain defenses asserted by defendants and for partial summary judgment on the claims of alleged violations of the Illinois Franchise Disclosure Act (the "Franchise Act") Ill.Rev.Stat. Ch. 121½, ¶ 701 et seq.[1] The motion is based upon the contention by plaintiffs that defendants made statements and admissions that the business entities resulting from the catalog sales agency program were franchises. After careful examination of the memoranda and data submitted by the parties, it is clear that the statements relied upon by plaintiffs were not admissions by defendants that the catalog sales agency program created franchises within the meaning of and subject to the Franchise Act. Thus, the contentions of plaintiffs premised upon doctrines of judicial and collateral estoppel are not supported by any evidence. Accordingly, plaintiffs' motion to strike and/or to bar defendants from asserting or defending on the ground that the Illinois Franchise Act does not apply to these transactions must be denied.

*185 II.
In addition, plaintiffs move for summary judgment as to liability on their claim that plaintiffs are franchisees as defined by the following provision of the Franchise Act:
§ 3. Definitions. As used in this Act:
(1) `Franchise' means a contract or agreement, either expressed or implied, whether oral or written, between 2 or more persons by which:
(a) a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services, under a marketing plan or system prescribed or suggested in substantial part by a franchisor; and
(b) the operation of the franchisee's business pursuant to such plan or system is substantially associated with franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and
(c) the person granted the right to engage in such business is required to pay, directly or indirectly, a franchise fee of $100 or more;
Provided that this Act shall not apply to any franchised business which is operated by the franchisee on the premises of the franchisor or subfranchisor as long as such franchised business is incidental to the business conducted by the franchisor or subfranchisor at such premises, including, without limitation, leased departments and concessions.
Ill.Rev.Stat. Ch. 121½ ¶ 703.
Defendants also seek summary judgment as to the Franchise Act claim. Defendants argue that plaintiffs are unable to offer evidence to establish, on a classwide basis, that the franchise fee requirement is met.
The record on summary judgment is insufficient to support a decision as to whether the plaintiff class has been required to, or agreed to, pay franchise fees of $100 or more, directly or indirectly, for the right to engage in the catalog sales agency program. This is so even considering the expansive definition of franchise fee set out in Rules 200.104 and 200.105 promulgated by the Administrator, (the Attorney General of Illinois). Recent statements of the Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986) appear to remove to some extent prior restrictions on the grant of summary judgment; however, the cases do not control where, as here, genuine disputes about material facts exist. For example, there is a disputed material fact as to whether certain payments made by plaintiffs were merely business expenses or indirect franchise fees. This dispute precludes the grant of summary judgment in favor of either side on this issue. Moreover, as the Supreme Court observed "where there is reason to believe that the better course would be to proceed to a full trial" the trial court should deny summary judgment. See Anderson, supra, 106 S.Ct. at 2514, citing Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948).

III.
In Pretrial Order No. 7, I authorized the named class representatives, none of whom are domiciled in Illinois and all of whom operate agencies or franchises outside of Illinois, to maintain a class action on behalf of "all independent catalog sales franchisees who, at any time since January 1, 1984, have operated a Ward's catalog sales franchise in the United States pursuant to a licensing agreement with Ward." The causes of action authorized on behalf of the class included, inter alia,
(d) Any claims for damages or injunctive relief under state statutory law premised upon alleged violations of the Illinois Franchise Disclosure Act, Ill.Rev.Stat. Ch. 121½ ¶ 701 et seq.

Defendants move for summary judgment as to this cause of action on the ground that the Illinois Franchise Act, particularly the provisions regarding termination and non-renewal of the relationship are not applicable to the causes of action asserted on behalf of agencies located outside of Illinois.
*186 Plaintiffs, in opposing the motion, point out that the contracts of the parties provide, "This Agreement shall be governed in all respects by the laws of Illinois." Defendants respond that this provision of the agreement makes applicable only statutes that the Supreme Court of Illinois would apply to this dispute.
Defendants point to several court decisions involving similar laws of other states. In each case cited, the court rejected the argument that the statute had extraterritorial reach. See, Bimel-Walroth Co. v. Raytheon Co., 796 F.2d 840 (6th Cir.1986); Swan Sales Corp. v. Jos. Schlitz Brewing Co., 126 Wis.2d 16, 374 N.W.2d 640, 644 (Ct.App.1985); Gilchrist Machinery Co. v. Komatsu American Corp., 601 F.Supp. 1192 (S.D.Miss.1984); Bunch v. Artec Intern. Corp., 559 F.Supp. 961, 968 n. 14 (S.D.N.Y.1983). These decisions are informative and of interest, but are not dispositive of the issue before me. I must decide if the Supreme Court of Illinois would conclude that the General Assembly of Illinois intended the Franchise Act to have extraterritorial application. Counsel has not cited any Illinois decision dealing with the question of the extraterritorial reach of the Franchise Act. The decisions of the courts of Illinois regarding the extraterritorial application of other Illinois statutes are significant factors in my prediction that the highest court of Illinois would not extend the termination and non-renewal provisions of the Franchise Act to cover franchisees not located in Illinois.
In Graham v. General U.S. Grant Post No. 2665, V.F.W., et al., 43 Ill.2d 1, 248 N.E.2d 657, the Supreme Court of Illinois, on June 20, 1969, refused to extend extraterritorial effect to the Illinois Dram Shop Act. The court recognized that "In the last analysis, the question of whether the Dram Shop Act should be given extraterritorial effect is a question of policy that is peculiarly within the province of the legislature." Graham, supra, 248 N.E.2d at 660. The court also stated:
Our past decisions have established the rule that when a statute, such as the Dram Shop Act, is silent as to extraterritorial effect, there is a presumption that it has none. Thus, in Union Bridge and Construction Co. v. Industrial Comm., 287 Ill. 396, 122 N.E. 609 [1919], this court refused to read extraterritorial applicability into the Illinois Workmen's Compensation Act; the same result was reached with regard to the Illinois Occupational Diseases Act in Dur-Ite Co. v. Industrial Com., 394 Ill. 338, 68 N.E.2d 717 [1946].
Id.
Thus, when the Franchise Act was enacted in 1973, the Supreme Court of Illinois had stated that it would not give extraterritorial effect to Illinois statutes absent an express direction to do so from the General Assembly. More recently, the Supreme Court of Illinois in Wimmer v. Koenigseder, 108 Ill.2d 435, 92 Ill.Dec. 233, 484 N.E. 2d 1088 (Ill.1985) again refused to give extraterritorial effect to the Dram Shop Act because "[n]othing in the statute reflects any legislative intent to extend the statute to Wisconsin tavernkeepers...." Wimmer, supra, 92 Ill.Dec. at 237, 484 N.E.2d at 1092.
Despite the clear rule of the Supreme Court of Illinois that for a statute to have extraterritorial effect there must be an express provision so extending it, I requested that counsel research and report on the legislative history of the Franchise Act to determine whether the legislative history suggested an intention of the legislature to extend the reach of the act. Plaintiffs reported that "the legislative history is clouded" (p. 2 of plaintiffs' supp. memorandum concerning the Illinois Franchise Disclosure Act). Defendants replied that the history confirmed that the legislature's sole intent was to protect citizens of Illinois. In support of this contention defendants point to the findings and purpose set forth in § 2 of the Act, which states in pertinent part "that the widespread sale of franchises is a relatively new business phenomenon which has created numerous problems in Illinois. Illinois residents have suffered substantial losses where the franchisor or his representative has not provided full and complete information regarding the franchisor-franchisee relationship, the details of the *187 contract between the franchisor and franchisee, the prior business experience of the franchisor and other factors relevant to the franchise offered for sale." Ill.Rev.Stat. Ch. 121½ ¶ 702. Thus, defendants argue that the only disclosed purpose is the protection of citizens of Illinois. On the record before me, I must conclude that the legislative history does not disclose an intent to extend the benefits of the statute to franchises located outside of Illinois.
Plaintiffs make one final argument in regard to the reach of the Franchise Act. Plaintiffs point out that effective in January 1988, the Franchise Act will be expressly limited to franchises located in Illinois. Plaintiffs argue that this limiting provision supports their contention that the 1973 statute was intended to apply to businesses located outside of the state of Illinois. They argue that otherwise the specific exclusion to become effective prospectively in January of 1988 would not have been so enacted. However, as defendants point out this is not an amendment of the 1973 act but a new statute. Moreover, the enactment effective in 1988 is equally consistent with a belief of the legislature that out of state franchises were not covered under the 1973 act. Thus, I do not find the provision of the new act persuasive as to the intent of the legislature in 1973.
In sum, I am convinced that the Supreme Court of Illinois would determine that the 1973 act does not have extraterritorial effect, and that it would do so because there is no language in the statute expressly extending the act to out of state franchises and the findings and purpose set forth in the act make it abundantly clear that the General Assembly of Illinois intended to protect only the citizens of Illinois. Accordingly, I will grant defendants' motion for summary judgment as to the claim for damages or injunctive relief under state statutory law premised upon alleged violations of the Illinois Franchise Disclosure Act.
Accordingly, this 26th day of October, 1987, IT IS ORDERED that defendants' motion for summary judgment is GRANTED as to the claim for damages or injunctive relief under state statutory law premised upon alleged violations of the Illinois Franchise Disclosure Act. All other motions discussed herein are DENIED.
NOTES
[1] The factual background and procedural history of this litigation is set forth in Pretrial Order No. 7 and is not repeated here.