Alfred Liff and Agnes Liff, Appellants, v. Beaulah Haezbroeck, d/b/a Duck Inn, Appellee.

Gen. No. 64–3.

Third District.

July 16, 1964.

Rehearing denied August 17, 1964.

Coyle, Stengel & Gilman, of Rock Island (Edward Keefe, of counsel), for appellants.

Wilson, Siebert, Lynaugh and Abney, of Springfield (John P. Lynaugh and D. Edward Corcoran, of counsel), for appellee.

ROETH, J.

On September 24, 1959, Alfred Liff and Agnes Liff as plaintiffs filed a 2 count complaint against defendant. Count 1 sought recovery by Alfred Liff for injuries sustained by him as a result of the intoxication of one George Minton and Count 2 sought recovery by Agnes Liff for loss of support under sec 135 of the Dram Shop Act. A motion to dismiss was filed by defendant and grounds assigned for the motion

were that the damages claimed under Count 1 were in excess of the statutory limit and that Agnes Liff was not the proper party plaintiff in Count 2. The case stood in this condition until July 23, 1962, when plaintiffs filed a petition for leave to file an amended complaint and on November 5, 1962, such leave was granted.

On November 13, 1962, plaintiffs filed an amended complaint consisting of 2 counts. The amended complaint was, for all intents and purposes, the same as the original complaint except that as to Count 1 the ad damnum was reduced to the statutory limit and as to Count 2 the suit was in the name of Alfred Liff for the use and benefit of his wife. Defendant answered this amended complaint.

On February 13, 1963, defendant filed a motion for summary judgment. Attached to this motion were the discovery depositions of Alfred and Agnes Liff. The pertinent parts of these discovery depositions disclose the following undisputed facts:

(1) The alleged intoxicated person, George Minton, became intoxicated as a result of liquor served to him by defendant in defendant's tavern in Illinois. The injury allegedly sustained by Alfred Liff as a result of the intoxication of George Minton was sustained in Iowa. Thus Alfred Liff sues in Count 1 of the amended complaint for injuries he alleged sustained in Iowa and his wife sues in Count 2 for loss of support because of the injuries her husband sustained in Iowa.

(2) Alfred Liff came into the defendant's tavern on the night of the occurrence while George Minton was there drinking. He knew George Minton and joined Minton at Minton's table. Minton bought Liff a bottle of beer and the two drank together. Liff subsequently left the table to play a game of darts. Liff drank another bottle of beer.

Minton continued to drink and was obviously intoxicated. Later Minton requested Liff to drive him to his home in Iowa because he was too drunk to drive, which Liff did. The altercation as a result of which Liff was injured occurred at Minton's home in Iowa.

This motion for summary judgment was set for hearing on March 6, 1963. On February 27, 1963, plaintiffs filed a motion for leave to file a second amended complaint and tendered the proposed second amended complaint with the motion. On March 6, 1963, the court heard the motion for summary judgment and the motion for leave to file a second amended complaint and took the matters under advisement. On October 30, 1963, the court allowed the motion for summary judgment and denied leave to file the second amended complaint. Final judgment was entered and this appeal followed.

██ Under the authority of Eldridge v. Don Beachcomber, Inc., 342 Ill App 151, 95 NE2d 512, and Butler v. Wittland, 18 Ill App2d 578, 153 NE2d 106, the motion for summary judgment was properly allowed as to both counts of the amended complaint. Also, as to the count of the amended complaint seeking to recover for Alfred Liff's injuries, no recovery could be had because of his participation in Minton's drinking. Phenicie v. Service Liquor Store, Inc., 23 Ill App2d 492, 163 NE2d 220, which is a case strikingly similar on the fact of participation.

██ This leaves for consideration the question of whether the court properly denied leave to file the second amended complaint. This complaint is in 6 counts. The first 4 counts are on behalf of Alfred Liff seeking to recover for his injuries. These counts are framed on various theories. We do not deem it necessary to detail the allegations of each count since Alfred Liff is barred from recovery under the Phenicie

73

case heretofore cited. Counts 5 and 6 are loss of support counts on behalf of the wife. Count 5 is substantially the same as Count 2 of the amended complaint and seeks recovery of loss of support under sec 135 of the Dram Shop Act. As heretofore pointed out this count cannot be sustained under the authority of the Butler case heretofore cited. Count 6 alleges the sale of liquor to Minton and his consequent intoxication; that her husband was injured in Davenport, Iowa, and that a cause of action accrued to him by virtue of sec 129.2 of the Dram Shop Act of Iowa; that by reason of sec 129.2 of the Dram Shop Act of Iowa a cause of action has accrued to her. The particular section of the Dram Shop Act of Iowa referred to is as follows:

> "Sec 129.2 CIVIL ACTION. Every wife, child, parent, guardian, employer, or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person who shall, by selling or giving to another contrary to the provisions of this title any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages."

To sustain this count plaintiff relied upon Waynick v. Chicago's Last Department Store, 269 F2d 322, 77 ALR2d 1260, and Colligan v. Cousar, 38 Ill App2d 392, 187 NE2d 292. The crux of the holding in the Waynick case is to be found in several important factors. First, it appears that the complaint alleged that sales of liquor were made by defendants to Sims and Owens when they were *already* intoxicated. Second (while the text of the complaint in this regard is not fully found in the opinion) it appears that the

74

complaint expressly alleged a common law cause of action, which we take to mean, alleging that the sales were negligently or wilfully and unlawfully made. At the outset the court ruled out any application of the Michigan Liquor Control Act or the Illinois Dram Shop Act apparently on the ground that neither had extra-territorial effect. The court then went on to hold that in *tort liability* cases the law of the place where the injury is inflicted governs the question of liability and substantive matters. It then reasoned that at common law it was negligence to sell intoxicating liquor to one who was already intoxicated and that such a sale could constitute a wilful violation of duty and be a proximate cause of an injury to a third person other than the consumer. Applying these principles the court ruled that, since both states were common law states, independent of civil damage laws (dram shop acts) a common law cause of action arose in Michigan (the place of the injury), for the negligent and unlawful act of the sale in Illinois.

The Colligan case, supra, more lucidly points up the theory of a common law action. In this case the count which was held to state a cause of action was a common law count, i.e., that defendants carelessly, negligently or wilfully and wantonly sold intoxicating liquor to the persons involved, *after* they had already become intoxicated. The sales were made in Illinois and the injury occurred in Indiana. Accordingly the court held that the law of Indiana must be applied since it is the place of injury. The court concluded that the alleged acts of the tavern operators in furnishing intoxicating liquors to those already intoxicated were acts which, had there been no Dram Shop Act in Illinois, would give rise to a common law cause of action in Illinois. Then, since Indiana did not have a Dram Shop Act or any authoritative common law on selling liquor to one already intoxicated, the court applied the rule that there is a presump-

75

tion that the common law of Indiana is the same as that of the forum, to wit: Illinois. On this basis the court held the common law count stated a cause of action.

We have undertaken to analyze the two foregoing cases because in so doing, it becomes apparent that Count 6 does not come within the doctrine announced in the Waynick and Colligan cases. This count is not susceptible of being construed as a common law count stating a common law cause of action. For the reasons stated we find that the trial court was correct in denying leave to file the second amended complaint.

Accordingly the judgment of the Circuit Court of Rock Island County will, in all respects, be affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.