**Robert SOMMERS, Plaintiff,**

v.

**13300 BRANDON CORPORATION, an Illinois corporation, and Daniel Funduck, Defendants.**

**No. 89 C 0704.**

United States District Court,
N.D. Illinois, E.D.

May 9, 1989.

John Bernard Cashion, John Bernard Cashion, P.C., Chicago, Ill., for plaintiff.

J. Patrick Craddock, Herbert F. Stride, Ltd., Chicago, Ill., and Daniel J. Olofsson, Daniel J. Olofsson & Associates, Dolton, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Robert Sommers is a resident of Indiana. Defendant 13300 Brandon Corporation is an Illinois corporation with its principal place of business in Illinois. It owns and operates the Beacon Tavern located in Chicago, Illinois. Defendant Daniel Funduck is an Illinois resident. There is complete diversity of citizenship. Sommers alleges that during the evening and morning of February 22–23, 1987, the Beacon Tavern served alcoholic beverages to Funduck though it knew or should have known he was intoxicated. As a proximate result of his intoxication, Funduck had an automobile accident in Hammond, Indiana. Sommers, who was a passenger in Funduck's automobile, was injured in that accident. Defendant Brandon has moved to dismiss the claims against it on the grounds that Illinois common law does not recognize such a claim and that the Illinois statute of limitations has run on any statutory claim.

It is clear that under the common law of Illinois and the Illinois Dram Shop Act, Ill.Rev.Stat. ch. 43, ¶ 135, there is no claim for injuries sustained in an automobile accident in another state as a result of an Illinois tavernkeeper selling alcoholic beverages. Ill.Rev.Stat. ch. 43, ¶ 135(a); *Linnabery v. DePauw*, 695 F.Supp. 411, 412 (C.D.Ill.1988); *Wimmer v. Koenigseder*, 108 Ill.2d 435, 484 N.E.2d 1088, 1091–92 (1985); *Graham v. General U.S. Grant Post No. 2665, V.F.W.*, 43 Ill.2d 1, 248 N.E.2d 657, 660–61 (1969). Plaintiff, however, argues that Indiana law applies to this case. In a diversity case, this court applies the choice of law rules of the state in which it is located. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Hager v. National Union Electric Co.*, 854 F.2d 259, 261 (7th Cir.1988).

In *Wimmer*, the Illinois Supreme Court ruled that a Wisconsin tavernkeeper was not liable for an automobile accident in Illinois in which one of his customers was involved. Since the statutes and common law of both Illinois and Wisconsin permitted no recovery, the court did not have to resolve any choice of law issue. *See Wimmer*, 484 N.E.2d at 1091–93.[1] In *Graham*, the sale of liquor occurred in Illinois and the accident in Wisconsin. The choice of law question was also avoided in that case since neither state's laws created liability. *See Graham*, 248 N.E.2d at 659. Two Illinois Appellate Court cases and a Seventh Circuit case, however, have addressed the choice of law question. Those cases all indicate that in the present type of case, choice of law is the determinative issue. In *Waynick v. Chicago's Last Department Store*, 269 F.2d 322 (7th Cir.1959), *cert. denied*, 362 U.S. 903, 80 S.Ct. 611, 4

---

1. Effective September 12, 1986, § 135(a) was amended to expressly state, consistent with prior court construction, that it applies only to injuries occurring within Illinois. It was also amended to state that it applies to sales of alcohol both "within or without the territorial limits" of Illinois as long as the injury occurs within Illinois. Thus, *Wimmer* was effectively overruled as regards accidents occurring after the effective date of the amendment.

L.Ed.2d 554 (1960), a patron of an Illinois bar was in an accident in Michigan. The Seventh Circuit held that neither state would apply its dram shop act extraterritorially. *Id.* at 324. Applying the rule of *lex loci delecti*, the Seventh Circuit held that an Illinois court would apply Michigan's common law. *Id.* at 325. The Seventh Circuit concluded the plaintiff had a cause of action under Michigan's common law. *Id.* at 326. *Colligan v. Cousar*, 38 Ill.App. 2d 392, 187 N.E.2d 292 (1963), involved the same factual situation as the present case. Following *Waynick*, the Illinois Appellate Court applied *lex loci delecti* and determined that Indiana common law would apply. 187 N.E.2d at 296. Since the parties had not shown what Indiana law was, the court applied the presumption that Indiana's common law was the same as Illinois's and determined that Illinois [2]—and hence Indiana—provided a common law cause of action under the circumstances of the case. *Id.* at 296–97. *Liff v. Haezbroeck*, 51 Ill.App.2d 70, 200 N.E.2d 525 (1964), involved a liquor sale in Illinois and an accident in Iowa. The accident victim's wife would have had a claim under the Dram Shop Act of Iowa, Iowa Code § 129.2, if it applied. *Liff*, 200 N.E.2d at 526. The Illinois Appellate Court agreed with *Waynick* and *Colligan* that the common law of the site of the accident would apply. 200 N.E.2d at 527. The court held, however, that *Waynick* and *Colligan* were limited to common law causes of action and therefore the victim's wife had no cognizable claim based on the Dram Shop Act of Iowa. 200 N.E.2d at 527. The court did not expressly state its reasoning in reaching this final conclusion. Presumably, it had one of two reasons. One possibility is that it believed statutory law was not adopted in applying choice of law principles. The other is that it believed that Iowa, like Illinois at that time, would not apply its dram shop act to sales outside Iowa.

In applying Illinois law, this court should follow the Supreme Court of Illinois. It should also follow the Illinois Appellate Court "unless there is 'good reason to believe that the state's highest court would reject' the decision of the intermediate court." *Peeler v. Village of Kingston Mines*, 862 F.2d 135, 137 (7th Cir.1988) (quoting *Phelps v. Sherwood Industries*, 836 F.2d 296, 306 (7th Cir.1987)). *See also Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 1428 n. 3, 99 L.Ed.2d 721 (1988). This court is also bound by the Seventh Circuit's interpretation of Illinois law unless subsequent Illinois decisions are to the contrary or other subsequent cases have undercut the continuing vitality of the case. *See United States v. Burke*, 781 F.2d 1234, 1239 n. 2 (7th Cir.1985); *Collins Co., Ltd. v. Carboline Co.*, 837 F.2d 299, 301 (7th Cir.1988).

*Waynick*, *Colligan*, and *Liff* continue to be authority for using choice of law principles to determine Brandon's liability in this case. *Waynick's* and *Colligan's* reliance on *lex loci delecti* in determining which state's substantive law to apply, however, is no longer the guiding principle in Illinois. Illinois now follows the "most significant relationship" test of the Restatement (Second) of Conflict of Laws § 145 (1971). *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 527 (7th Cir.1981). Illinois applies a presumption that the state where the injury occurred is the law to choose unless another state has a more significant relationship to the occurrence or parties. *Id.*; Restatement § 146. In determining which state has a more significant relationship, four factors are considered: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship between the parties is centered. *Pittway*, 641 F.2d at 526; Restatement § 145(2). These four factors are not to be mechanically applied. They are

---

**2.** *Wimmer* states that *Colligan's* statement of the common law of Illinois is "obsolete." *Wimmer*, 484 N.E.2d at 1092. This criticism of *Colligan* does not go to the issue of whether choice of law is the proper approach to take. The Illinois common law of dram shop liability is not at issue in the case *sub judice*.

to be considered on a case-by-case basis with respect to the particular issue involved, the character of the tort, and the relevant policies of the interested states. *Pittway,* 641 F.2d at 526–27. The general guiding principles are: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement § 6(2).

Courts that have applied the significant relationship test, or other similar tests, in the context of dram shop liability have been split as to whether to apply the law of the place of sale or the place of the accident. *See Pardey v. Boulevard Billiard Club,* 518 A.2d 1349, 1352 (R.I.1986) (applying law of place of sale); *Patton v. Carnrike,* 510 F.Supp. 625, 628 (N.D.N.Y.1981) (same); *Trapp v. 4–10 Investment Corp.,* 424 F.2d 1261, 1265 (8th Cir.1970) (same); *Carver v. Schafer,* 647 S.W.2d 570, 578 (Mo.Ct.App.1983) (applying law of place of accident); *Blamey v. Brown,* 270 N.W.2d 884, 890–91 (Minn.1978), *cert. denied,* 444 U.S. 1070, 100 S.Ct. 1013, 62 L.Ed.2d 751 (1980) (same);[3] *Bernhard v. Harrah's Club,* 16 Cal.3d 313, 546 P.2d 719, 725, 128 Cal.Rptr. 215, *cert. denied,* 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976) (same); Annotation, *Choice of Law as to Liability of Liquor Seller for Injuries Caused by Intoxicated Person,* 2 A.L.R.4th 952, 961–63 (1980). These cases have generally considered the particular facts and circumstances involved and the particular policies of the states involved. Perhaps more significantly, all those cases that have applied the law of the place of the accident were cases where the law of the place of sale provided for no liability whereas the place

of the accident provided a cause of action. Those cases also involved application of the common law of the place of the accident, not the application of a statute.

Consideration of the four factors separate from the guiding principles produces an equal balance. The place of injury being Indiana is equally balanced by Illinois being the place of the allegedly improper conduct of Brandon. Sommers's residency in Indiana is equally balanced by Brandon's incorporation and principal place of business in Illinois. The parties had no direct relationship so their relationship cannot be said to be centered in either state. Viewed in light of the guiding principles, however, the balance favors applying Indiana law.

Where, as in the present case, the place of injury is a fortuitous event, that factor is given less weight. *See Pardey,* 518 A.2d at 1352; *Patton,* 510 F.Supp. at 628; Restatement § 145 comment e. Still, Indiana has a strong interest in the events since a resident of its state was injured in Indiana. Indiana has an interest in both protecting the well-being of its residents and in ensuring that injured residents can continue to pay their creditors. *See Carver,* 647 S.W. 2d at 577. Illinois, on the other hand, has an interest in protecting its tavern owners from excessive judgments. *See id.* While Illinois limits the liability of its tavern owners, Ill.Rev.Stat. ch. 43, ¶ 135(a), it does not immunize them from liability. *Compare* Restatement § 146 comment e. It is the policy of Illinois that its tavernkeepers be held liable for injuries caused by patrons whom the tavernkeepers cause to be intoxicated. To the extent Indiana law would make Brandon liable, applying Indiana law would be consistent with Illinois policy. *See Pardey,* 518 A.2d at 1352. *Cf. Bernhard,* 128 Cal.Rptr. at 221, 546 P.2d at 725. Also, that Illinois applies its Dram Shop Act to sales outside Illinois that cause injury in Illinois, implies that Illinois would approve of other states imposing liability for injuries occurring in the other states

---

3. In a subsequent case involving similar facts, the Minnesota Supreme Court rejected *Blamey* and held there was no personal jurisdiction. *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676 (Minn.1983). *West American* does not directly address choice of law, though it implicitly questions *Blamey*'s choice of law conclusion. *See Thoring v. Bottonsek,* 350 N.W.2d 586, 590–91 (N.D.1984).

but caused by sales of alcoholic beverages in Illinois. Additionally, the Beacon Tavern is located near the Illinois–Indiana border.[4] Thus, it would not be a surprise to defendant that some of its patrons travel in Indiana after drinking at the tavern. The application of Indiana law would not be unexpected or unpredictable.[5] *See Carver*, 647 S.W.2d at 578; *Bernhard*, 128 Cal. Rptr. at 221, 546 P.2d at 725.

For the foregoing reasons, Indiana has the more significant relationship. In any event, there is no sufficient basis for overcoming the presumption that the place of personal injury is determinative. In following Illinois's choice of law rules, this court will apply the substantive law of Indiana to the claim of plaintiff against defendant Brandon.

The question still remains as to whether Indiana law provides a cause of action for plaintiff. Plaintiff cites *Picadilly, Inc. v. Colvin*, 519 N.E.2d 1217, 1219–20 (Ind. 1988), for the proposition that Indiana provides a common law cause of action for dram shop liability. As *Picadilly*, 519 N.E. 2d at 1220 n. 1, notes, however, that decision concerns an accident occurring prior to the April 1, 1986 effective date of Ind.Code § 7.1–5–10–15.5. The events alleged in the present complaint occurred in February 1987. The new statute essentially codified the existing common law. *See* Todd & Yosha, *Dram Shop Liability in Indiana: Analysis of Ashlock v. Norris & the New Civil Statute*, 19 Ind.L.Rev. 417, 419–23 (1986). No cases have yet interpreted that statute, but there is nothing in it that indicates it is limited to sales in Indiana.[6] The statute simply refers to *"A person* who furnishes an alcoholic beverage." Ind. Code § 7.1–5–10–15.5(b) (emphasis added).

Unlike the continuing law in Illinois, there is a modern trend to apply dram shop acts extraterritorially as regards sales in the state and accidents outside the state.

*See Pardey*, 518 A.2d at 1352. A trend toward applying dram shop acts to accidents within the state, but regarding sales outside the state, has not appeared. *See Thoring v. Bottonsek*, 350 N.W.2d 586, 589–91 (N.D.1984). The 1986 amendment to Illinois's act, however, provides for such liability. *See* Ill.Rev.Stat. ch. 43, ¶ 135(a). Also, the modern trend has been to apply common law liability under such circumstances and that is what was done in *Waynick, supra,* and *Colligan, supra.* The modern trend has also been toward choosing the law that would impose liability. Since Indiana's statute applies to any "person who furnishes", not just to regulation of taverns, and since it is a codification of the common law, it is believed that Indiana would apply § 7.1–5–10–15.5(b) to sales outside Indiana and accidents in Indiana. Also, to the extent Indiana law is uncertain, the court should consider Illinois law. *Colligan*, 187 N.E.2d at 296. Illinois clearly provides that its act applies to sales outside Illinois and accidents in Illinois. It is therefore held that § 7.1–5–10–15.5 applies to Sommer's claim against Brandon. Alternatively, if that statute does not apply to the claim, then the common law of Indiana has not been supplanted by statute. Sommers would then have a common law cause of action and it is believed Indiana would follow the modern trend of holding there is a common law cause of action for sales outside the state where the accident occurred.

For the foregoing reasons, it is held that Sommer's claim against Brandon is governed by the statutory law of Indiana, in particular Ind.Code § 7.1–5–10–15.5.

IT IS THEREFORE ORDERED that:

(1) Defendant 13300 Brandon Corporation's motion to dismiss is denied.

---

4. Plaintiff alleges the tavern is located at 13300 South Brandon in Chicago. The court takes judicial notice that this address is in southeastern Chicago near the Indiana border.

5. In *Pardey*, 518 A.2d at 1352, the court took the view that applying the law of the place of sale allowed for predictability and consistency. But even if this court applies Illinois law, there would not be consistency. Under § 135, there would be possible liability if an accident occurred in Illinois, but no liability if it occurred outside Illinois.

6. Indiana cases on the common law tort also do not address the issue of sales outside Indiana.

(2) Defendant 13300 Brandon Corporation shall answer the complaint by May 23, 1989.

(3) Discovery is to be completed by September 7, 1989.

(4) A status hearing is set for June 7, 1989 at 9:15 a.m.