# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-4115

———————

City of Hastings,                          *
                                           *
    Plaintiff - Appellant,           *
                                           *    Appeal from the United States
v.                                         *    District Court for the
                                           *    District of Minnesota.
River Falls Golf Club,                     *
                                           *    **[UNPUBLISHED]**
    Defendant - Appellee.            *

———————

Submitted:  June 16, 1999

Filed:  July 26, 1999

———————

Before LOKEN and MAGILL, Circuit Judges, and JONES,[*] District Judge.

———————

PER CURIAM.

    In October 1996, a Minnesota resident headed home after a round of golf and some drinks at the River Falls Golf Club in western Wisconsin, near the Minnesota border.  After entering Minnesota, the golfer's car crossed the median and struck the car of a Wisconsin resident employed by the City of Hastings, Minnesota.  The City employee died, and the City paid his widow $875,000 in underinsured motorist benefits, taking an assignment of her claims against the Golf Club.  The City then sued

———————

[*]The HONORABLE JOHN B. JONES, United States District Judge for the District of South Dakota, sitting by designation.

the Golf Club in a Minnesota state court, alleging that it negligently served alcoholic beverages to an obviously intoxicated golfer. The Golf Club removed the diversity action. The district court,[1] applying Wisconsin law, dismissed the complaint. The City appeals. Its appeal turns on a choice of law issue.

Under Wisconsin law, a liquor vendor is immune from civil liability unless liquor was served to a minor. See Wis. Stat. § 125.035(2). In Blamey v. Brown, 270 N.W.2d 884 (Minn. 1978), cert. denied, 444 U.S. 1070 (1980), the Minnesota Supreme Court held a Wisconsin liquor vendor liable for negligence when an intoxicated Minnesotan purchased liquor in Wisconsin and caused an auto accident in Minnesota. Blamey has been questioned in more recent Minnesota cases, and Wisconsin courts may refuse to enforce Minnesota judgments under Blamey. See Hennes v. Loch Ness Bar, 344 N.W.2d 205 (Wis. Ct. App. 1983). But the district court concluded that "no Minnesota court has questioned Blamey's broad holding" that Minnesota law permits a common law negligence action against an out-of-state liquor vendor. In deciding whether to apply Wisconsin law or this aspect of Minnesota law, the district court applied the five-factor test that Minnesota courts use to resolve a choice of law issue when the law at issue is substantive. See Milkovich v. Saari, 203 N.W.2d 408, 412 (Minn. 1973). On appeal, the City reviews the five factors and urges a contrary result. After careful review of the record, we affirm for the reasons stated in the district court's thorough Order dated November 6, 1998. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE HARRY H. MacLAUGHLIN, United States District Judge for the District of Minnesota.